Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone: (509) 252-6005
Email: zach@ayerslawfirm.net

United States District Court
Eastern District of Washington
(Honorable Judge Thomas O. Rice)

| United States of America, | 2:22-CR-00053-TOR |
|---|---|
| Plaintiff, | |
| v. | Sentencing Memorandum and Motion for Downward Variance |
| Natasha Ann Opsal, | |
| Defendant(s). | |

Natasha Ann Opsal, through counsel, Zachary L. Ayers of Ayers Law Firm, P.L.L.C., respectfully submits this sentencing memorandum and motion for downward variance.

**18 U.S.C. §3553(a)**

18 U.S.C. §3553(a) sets out factors that are helpful to the Court when determining a sentence that is "sufficient but not greater than necessary" to comply with the purposes of the statute. The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) *en banc*, citing *Rita v. United States*, 127 S.Ct. 2456 (2007), *Gall v. United States*, 127 S.Ct.

Sentencing Memorandum and Motion for Downward Variance          1

2833 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). The guidelines are only one factor to be taken into account in arriving at an appropriate sentence. *Id.*

### Nature of the Offense

Ms. Opsal understands the seriousness of this offense. She recognizes that she fraudulently applied for Paycheck Protection Program funds and spent that money to sustain her life and her significant drug addiction during the COVID-19 pandemic and lockdowns. She also recognizes that her actions stole public funds from businesses that actually needed the support when businesses all over the country were shut down and could not pay employees or pay basic operating expenses during the height of the COVID-19 pandemic and lockdowns.

### History and Characteristics of the Defendant

Ms. Opsal appears to have no prior convictions. Her drug addiction and her bad choices led to this conviction. During the pendency of her case, Ms. Opsal was released. Her addiction and poor choices led her to pretrial incarceration. Her life has had many ups and downs including learning who her biological father was and the death of her mother. (PSIR ¶60).

### To Promote Respect for the Law

A sentence of time served with a three-year term of supervised release is sufficient but not more than necessary to promote respect for the law.  This sentence accounts for the poor choices Ms. Opsal understands she needs structure to succeed on supervised release. She is homeless. If the Court orders her to serve time in a

Sentencing Memorandum and Motion for Downward Variance      2

Residential Reentry Center, it will give her the structure she needs to obtain legitimate employment during supervision and beyond to pay off the significant restitution she will owe.

### To Afford Adequate Deterrence to Criminal Conduct and Protection of the Public

Ms. Opsal does not have any previous felony convictions prior to the instant case. A sentence of time served with three-years of supervised release affords adequate deterrence to criminal conduct and protects the public.

### Motion for Downward Variance

Ms. Opsal moves the Court for a downward variance from the low-end guideline range of 12 months of incarceration to time served. Mr. Opsal will have served approximately 6 months in the U.S. Marshals custody at the time of sentencing. Although Ms. Opsal does not necessarily meet the requirements of the USSG 5K2.20 departure for aberrant behavior, her case meets the spirit of it. Her criminal history category is I and she has no prior convictions. She has accepted responsibility for her actions.

No death or serious bodily injury occurred in this case. No firearms were involved in this case, and this was not a serious drug trafficking case. The only reason this case does not meet the guideline is because the behavior may be repetitious or significant planned behavior. *See,* U.S.S.G. §5K2.20 n. 2. There was repetitious behavior, and this was a fraud scheme that Ms. Opsal conducted.

///

## Conclusion

Ms. Opsal respectfully requests the Court to sentence of time served, a 3-year term of supervised release, no fine, and a $100 special penalty assessment and restitution in the amount of $61, 247.

Dated this 6th day of April 2023.

Respectfully Submitted,

*s/Zachary L. Ayers*
WSBA # 46496
Attorney for Ms. Opsal.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone: (509) 252-6005
Email: zach@ayerslawfirm.net

## Service Certificate

I hereby certify that on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Daniel Fruchter and Frieda Zimmerman.

*s/Zach L. Ayers*
WSBA # 46496
Attorney for Ms. Opsal.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone: (509) 252-6005
Email: zach@ayerslawfirm.net