Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Frieda K. Zimmerman
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATASHA ANN OPSAL<br><br>Defendant. | Case No.: 2:22-cr-00053-TOR<br><br>United States' Sentencing Memorandum |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Frieda Zimmerman, Special Assistant United States Attorney, submits the following Sentencing Memorandum. The United States recommends that this Court sentence Defendant NATASHA ANN OPSAL to a low-end guideline sentence of 12 months and one day of imprisonment, three years of supervised release, restitution in the amount of $61,247, and one mandatory special penalty assessment of $100.

I.     <u>Offense Level & Criminal History</u>

The Pre-Sentence Investigation Report ("PSIR") provides for a base offense level of 7, PSIR, ¶¶ 4, 35; U.S.S.G. § 2B1.1(a)(1), with an increase of 8 levels pursuant to § 2B1.1(b)(1)(D), based on an agreed amount of actual and intended loss of more than $95,000, and less than $150,000.  PSIR, ¶¶ 4, 36; *see also* PSIR, 10-

United States' Sentencing Memorandum - 1

28; U.S.S.G. § 2B1.1. This results in an adjusted offense level of 15. PSIR, ¶ 40.

Additionally, based on the Defendant's acceptance of responsibility, the United States intends to recommend a downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1(a), yielding a total offense level of 13. PSIR, ¶ 43. Additionally, the PSIR provides that Defendant has a criminal history score of 0 and a criminal history category of I. PSIR, ¶¶ 51, 103. The United States agrees with these calculations.

An offense level of 13 with a criminal history category of I yields an advisory guideline sentencing range of 12-18 months. PSIR, ¶ 103. The United States recommends a low-end sentence of 12 months and one day incarceration. This is a just sentence for a defendant who, while ultimately accepting responsibility, repeatedly submitted fraudulent applications in order to steal funding from a government program designed to alleviate financial and economic harm to small businesses during a global pandemic.

II.    <u>Departures</u>

The United States is not seeking a departure or variance from the Advisory Guideline range.

III.    <u>18 U.S.C. § 3553(a)</u>

The United States respectfully submits that a sentence of 12 months and one day incarceration, followed by a 3-year term of supervised release, would be a reasonable sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

The applicable sentencing factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, as well as to afford deterrence, protect the public from further crimes of the defendant and

United States' Sentencing Memorandum - 2

provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (6) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

The United States submits that consideration of the Section 3553(a) factors warrants a guideline sentence as the guidelines substantially do reflect the nature and circumstances of the offense and the defendant's background. In this case, the section 3553(a) factors support a sentence of 12 months and one day of incarceration.

With regard to the nature and circumstances of the offense, the charges against the Defendant stem from her submission of various applications for funding under the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan (EIDL) program, using materially false and fraudulent information.[1] Defendant first applied for Covid Relief funding on April 4, 2020, when she submitted an EIDL application containing false statements and certifications to the SBA under the name of her purported company, Rusty Bumper Mobile Detailing. PSIR, ¶ 10. Defendant subsequently submitted EIDL applications on behalf of herself and/or Rusty Bumper containing false and fraudulent statements and certifications on June 7, 2020, November 18, 2020, December 14, 2020, January 1, 2021, April 2, 2021, and July 25, 2021. PSIR, ¶ ¶ 11, 13, 14, 15, 16, and 19.

Additionally, Defendant submitted applications for PPP funding containing false and fraudulent statements and certifications to the SBA in the name of her purported company on March 11, 2021, April 12, 2021, and April 29, 2021. PSIR, ¶ ¶ 17, 20, and 22. All told, Defendant received three PPP loans totaling $53,747. PSIR, ¶ 25. Together with the lender fees, the total loss to the United States was

---

[1] A more detailed recitation of the underlying factual allegations can be found in the Plea Agreement. ECF No. 43 at Pages 4-8.

United States' Sentencing Memorandum - 3

$61,247.00. PSIR, ¶¶ 93-96.

Thus, the nature and circumstances of the offense in this case indicate a deliberate and ongoing effort to defraud the United States. More specifically, Defendant repeatedly elected to fraudulently exploit a program intended to prevent individuals from being financially ravaged by the impact of a global pandemic. This of course informs the nature and seriousness of the Defendant's offense as well. She did not choose to exploit a private company, which would have been bad enough, nor did she choose to defraud an essential government program only a single time. Instead, Defendant elected to defraud and attempt to defraud essential government programs multiple times for over a year. The Defendant's crime required planning, reflection, and a disregard for the well-being of others during a time of international crisis. A sentence of 12 months and one day of imprisonment, followed by a term of supervision of 3 years, would reflect the serious nature of the conduct and be appropriate to deter the Defendant from engaging in future criminal acts. Further, this sentence falls within the established guideline range. Finally, the need to provide restitution in this case is adequately addressed in the plea agreement.

IV.    Restitution

Restitution is mandatory for the Defendant's offense conduct. 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(ii) (the court "shall order" restitution to the victim of any offense "against property under [Title 18] . . . including any offense committed by fraud or deceit"). Mandatory restitution shall be awarded to any victims of the offense conduct, which means "a person directly and proximately harmed as a result of the commission of an offense" or in the case of a conspiracy offense, "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). Here, the parties have agreed that Defendant will pay restitution in the amount of $61,247.00. *See,* ECF No. 43 at 11; PSIR, ¶ 93.

//

V.  Conclusion

The United States recommends that this Court impose a low-end guideline sentence of 12 months and one day incarceration, all mandatory and appropriate conditions of probation under U.S.S.G. § 5B1.3, three years supervised release, $61,247.00 in restitution, and a $100 special penalty assessment.

Dated this 26th day of April 2023.

Respectfully Submitted,

VANESSA R. WALDREF
United States Attorney

*/s/ Frieda K. Zimmerman*
Frieda K. Zimmerman
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's counsel of record, Zachary L. Ayers, using the CM/ECF system.

                                    */s/ Frieda K. Zimmerman*
                                    Frieda K. Zimmerman
                                    Special Assistant United States Attorney